UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

DENISE GRANT,

Plaintiff,

**MEMORANDUM & ORDER**
24-CV-8768(EK)

-against-

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

-------------------------------------x

ERIC KOMITEE, United States District Judge:

Plaintiff Denise Grant challenges the Social Security Administration's denial of her claim for disability insurance benefits. Before the Court are the parties' cross-motions for judgment on the pleadings. For the following reasons, I grant the Commissioner's motion and deny plaintiff's cross-motion.

## I. Background

### A. Procedural Background

In July 2019, Grant applied for disability benefits, alleging a disability onset date of January 1, 2019. Administrative Tr. ("Tr.") 112, 1784, ECF No. 4. After Administrative Law Judge ("ALJ") David Suna held a hearing and denied her claims, plaintiff filed a civil action in this district. Tr. 42, 1804; *see* Compl., *Grant v. Comm'r of Soc. Sec.*, No. 22-CV-2597 (E.D.N.Y. May 6, 2022), ECF No. 1. Pursuant to the parties' joint stipulation, the court remanded

Grant's claims for further proceedings. Tr. 1804. The Appeals Council then vacated the agency's decision and remanded to the ALJ for further evaluation. Tr. 1855.

The ALJ then held a second hearing. Tr. 1807-44. He concluded that Grant was not disabled and therefore not entitled to disability benefits. Tr. 1795. The Appeals Council denied Grant's request for review of the ALJ's decision, rendering it final. Tr. 1771-73. Grant timely sought review of that decision in this Court.

**B. The ALJ's Disability Evaluation**

Under the Social Security Act, "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration's regulations require ALJs to follow a five-step sequence in evaluating disability claims. 20 C.F.R. § 404.1520(a)(4).

First, the ALJ determines whether the claimant is engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i), (b). If not, then at step two, the ALJ evaluates whether the claimant has a "severe impairment" — that is, an impairment or combination of impairments that "significantly limits" the claimant's "physical or mental

ability to do basic work activities." *Id.* § 404.1520(c). If the ALJ identifies a severe impairment, then at step three, she must determine whether it meets or equals one of the impairments listed in Appendix 1 of the regulations (the "Listed Impairments"). *Id.* § 404.1520(d); 20 C.F.R. pt. 404, subpt. P, app. 1. If it does, the ALJ will deem the applicant disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

Here, the ALJ determined that Grant had not engaged in substantial gainful activity since her alleged onset date. Tr. 1784 The ALJ also determined that Grant suffered from the "severe impairments" of diabetes mellitus; bursitis of the left shoulder; left bicep tendinopathy; obesity; depressive disorder; anxiety disorder; panic disorder; and post-traumatic stress disorder. Tr. 1784. However, the ALJ determined that none of these severe impairments rose to the level of a Listed Impairment. Tr. 1785.

When an ALJ finds that the claimant has severe impairments that do not meet the requirements of the Listings, he must determine a claimant's residual functional capacity ("RFC"), which is the most a claimant can do in a work setting notwithstanding his limitations. 20 C.F.R. § 404.1545(a)(1). The ALJ concluded that plaintiff had the RFC to perform "light work" with limitations. Tr. 1787. Those limitations included that Grant "can [only] occasionally reach

overhead with her dominant left upper extremity"; "occasionally climb ramps and stairs"; "frequently balance . . . [and] kneel"; and should have "no exposure to hazards such as unprotected heights." *Id.*

At step four, the ALJ considered whether, in light of the RFC determination, the claimant could perform "past relevant work." 20 C.F.R. § 404.1520(f). The ALJ found that Grant could not perform her past work as a babysitter. Tr. 1793. At step five, the ALJ evaluates whether the claimant could perform jobs existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(g). The ALJ determined that Grant could perform such jobs, including as a mail clerk. Tr. 1794. The ALJ thus concluded that Grant was not disabled. Tr. 1795.

## II. Standard of Review

A district court has jurisdiction to review the final judgment of the Commissioner denying an application for Social Security disability benefits. 42 U.S.C. § 405(g). The review is limited to two questions: whether substantial evidence supports the Commissioner's decision, and whether the Commissioner applied the correct legal standards. *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009).[1]

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

"Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008). "[I]f supported by substantial evidence," the Commissioner's factual findings "shall be conclusive." 42 U.S.C. § 405(g).

**III. Discussion**

Plaintiff raises two arguments on appeal. First, she argues that the ALJ erred in discrediting the RFC opinion of Dr. Saleem Mahmood, her primary care provider. Pl.'s Mem. in Supp. of Mot. for J. on the Pleadings ("Pl.'s Mem.") 13, ECF No. 6-1. Second, she argues that the ALJ identified an RFC that matched no medical opinion in the record. *Id.* at 14. Both arguments lack merit.

**A. The ALJ Properly Rejected Dr. Mahmood's Opinion**

Grant argues that the ALJ erred in rejecting Dr. Mahmood's opinion that she could not perform even sedentary work — a more restrictive RFC than light work. Pl.'s Mem. 13; *see* 20 C.F.R. § 404.1567(a)-(b). She contends that, because he "treated [Grant] extensively," the ALJ was required to credit his opinion. Pl.'s Mem. 13.

Dr. Mahmood treated Grant between March 2019 and January 2023, primarily for diabetes mellitus. Tr. 433-80, 633-710, 1768-70, 1960-2132. He also assessed Grant's

musculoskeletal function at a September 2019 appointment. Tr. 440. There, Dr. Mahmood identified "no evidence of . . . abnormal motion"; "[n]o . . . muscle weakness"; and no "reduced range of motion." *Id.* The same assessment appears, verbatim, in his notes from appointments in 2020 and 2022. Tr. 654-55 (February 2020); Tr. 647 (March 2020); Tr. 642 (April 2020); Tr. 1963 (May 2022); Tr. 1969 (June 2022); Tr. 1981 (July 2022); Tr. 2013 (September 2022). Those notes also state that "[Grant] ambulates . . . without assistance." *E.g.*, Tr. 647, 1963. While Dr. Mahmood's September 2019 notes state that Grant complained of left arm pain, he provided no further assessment of that complaint. Tr. 438.

In March 2021, Dr. Mahmood completed an SSA form entitled "Medical Assessment of Ability to Do Work-Related Activities." Tr. 1768-1770. He opined that Grant could "occasionally" lift "a maximum of 10 pounds" and "frequently" lift "less than 10 pounds," due to "left shoulder pain." Tr. 1768. He further opined that Grant could "stand and / or walk" for "less than two hours" in an eight-hour workday, but he offered no response to the form's request for "medical findings that support this opinion." Tr. 1769. Finally, he indicated that Grant's ability to "push and / or pull" was "limited in [her] upper extremities" due to shoulder pain, but he did not "describe [the] nature and degree" of that limitation, as the

form required. *Id.* That opinion constitutes Dr. Mahmood's only assessment of Grant in 2021. *See* Tr. 1768-1770.

A claimant is capable of sedentary work if she can lift ten pounds occasionally, sit for at least six hours, and walk or stand for two hours in an eight-hour workday. *Carvey v. Astrue,* 380 F. App'x 50, 52 (2d Cir. 2010); *see* 20 C.F.R. § 404.1567(a). Light work, in contrast, "requires the ability to lift up to 20 pounds occasionally, lift 10 pounds frequently, stand and walk for up to 6 hours . . . and sit for up to two hours" per day. *Mancuso v. Astrue*, 361 F. App'x 176, 178 (2d Cir. 2010). Light work also requires "some pushing and pulling . . . ." 20 C.F.R. § 404.1567(b).

Given these standards, Dr. Mahmood's opinion would preclude light work in three areas: Grant's ability to lift; push and pull; and stand and walk. *Id.*; *see* Tr. 1768-69.

Substantial evidence nonetheless supports the ALJ's decision to discredit that opinion. An ALJ may discredit a medical opinion that conflicts with other substantial medical evidence, *Schillo v. Kijakazi,* 31 F.4th 64, 78 (2d Cir. 2022), or with that doctor's own notes. *Monroe v. Comm'r of Soc. Sec.,* 676 F. App'x 5, 7 (2d Cir. 2017). Both grounds apply here.

***Grant's Ability to Lift.*** The ALJ permissibly rejected Dr. Mahmood's opinion that Grant could lift 10 pounds only occasionally. His treatment notes contain no medical findings

that would require that limitation, while other substantial medical evidence supports Grant's ability to lift.

A finding of full strength in the upper extremities ordinarily supports the lifting required by light work. *E.g.*, *Montaque v. Astrue*, 7-CV-749, 2010 WL 1186515, at *13-14 (N.D.N.Y. Mar. 23, 2010); *Smith v. Colvin*, No. 14-CV-1752, 2016 WL 11372344, at *3 (D. Conn. Jan. 4, 2016), *report and recommendation adopted*, 2016 WL 1170910 (D. Conn. Mar. 23, 2016).

Dr. Mahmood's September 2019 treatment notes state that Grant had "no muscle weakness" and no "reduced range of motion" — and he repeated that finding in notes from both 2020 and 2022. Tr. 440, 642-55, 1963-69, 1981, 2013. Such findings support, rather than undermine, Grant's ability to lift. *See Monroe*, 676 F. App'x at 8. Although Dr. Mahmood's September 2019 notes do state that Grant reported shoulder pain, a claimant's subjective complaints alone will not generally suffice to establish a more restrictive RFC, and they do not do so here. *See Roane v. O'Malley*, No. 22-CV-10704, 2024 WL 1357845, at *9 (S.D.N.Y. Mar. 29, 2024).

The ALJ also cited other medical evidence that Grant could lift at the level light work requires. Grant consulted pain management specialist Dr. Carolyn Kloepping in November 2019 for shoulder pain. Tr. 1789. Dr. Kloepping's notes state

that Grant had left shoulder tendinopathy and reduced range of motion in that shoulder, but "normal alignment" and "5/5" "strength" in both "upper extremities." Tr. 1111-12. She prescribed physical therapy and a steroid injection, which Grant received that December. Tr. 1112. At a January 2020 exam, Grant retained "5/5" "strength" in her upper extremities, and her range of motion had "greatly improved" following treatment. Tr. 549, 553. Evidence of improvement in a relevant function is often pertinent to assigning an RFC. *Cassandra G. v. Comm'r of Soc. Sec.*, 626 F. Supp. 3d 553, 571 (N.D.N.Y. 2022).

The combination of full upper-extremity strength, an improving range of motion, and normal joint alignment provides substantial evidence that Grant could meet the lifting demands of light work. *Michael R. v. Comm'r of Soc. Sec.*, No. 19-CV-6836, 2021 WL 346365, at *6 (W.D.N.Y. Feb. 2, 2021); *see Cichocki v. Astrue*, 729 F.3d 172, 176 (2d Cir. 2013). And Grant has pointed to no other medical evidence that compels a more restrictive RFC. Tr. 1788-90; *see Smith v. Berryhill,* 740 F. App'x 721, 726 (2d Cir. 2018) (claimant bears the burden of showing that the record requires a more restrictive RFC).

***Grant's Ability to Push and Pull.*** For similar reasons, the ALJ properly discredited Dr. Mahmood's opinion that Grant was limited in pushing and pulling. Tr. 1790-91. As with lifting, a claimant who retains full strength in her upper

extremities typically can perform the pushing and pulling light work requires. *See, e.g.*, *Louise F. v. Comm'r of Soc. Sec.*, No. 20-CV-1905, 2022 WL 17176900, at *13-15 (W.D.N.Y. Nov. 23, 2022). Dr. Mahmood's treatment notes that Grant had "no muscle weakness" — coupled with Dr. Kloepping's finding of full upper extremity strength and improving range of motion — provide substantial evidence that Grant could push and pull as light work requires. *Id.*; *see* Tr. 1788-90. No medical evidence compels a contrary conclusion. *Smith*, 740 F. App'x at 726.

***Grant's Ability to Stand and Walk.*** Dr. Mahmood's treatment notes likewise contradict his opinion that Grant could not stand or walk for two hours in an eight-hour workday.

A claimant who "walks with a steady gait" can ordinarily stand and walk at the light-work level. *E.g.*, *Sheila C. v. Comm'r of Soc. Sec.*, 2021 WL 5199413, at *6 (W.D.N.Y. Nov. 9, 2021); *see Lewis v. Colvin*, 548 F. App'x 675, 677 (2d Cir. 2013) (assessment of "mild limitations" in standing and walking supports ability to perform light work).

Contrary to his opinion, Dr. Mahmood's treatment notes *support* the ALJ's finding. His September 2019 notes state that Grant walked "without assistance," Tr. 473-74, and his December 2019 notes state that she "walks steady." Tr. 1339. Other medical evidence further substantiates that finding. Medical expert Dr. Joseph Gaeta testified that Grant had *no* limitations

in walking or standing. Tr. 1791, 1821. And Dr. Howard Stein, who assessed Grant in April 2020, found that her "strength was 5/5 in all muscle groups" and her "gait was normal." Tr. 117-18. These findings constitute substantial evidence that Grant could stand and walk as light work requires. *Cichocki*, 729 F.3d at 176; *see Lewis*, 548 F. App'x at 677.

**B. The RFC Need Not Match Any Single Medical Opinion**

Grant next argues that "the ALJ was left without any acceptable opinion upon which to base a determination of plaintiff's RFC." Pl.'s Mem. 14. She argues that, because the ALJ rejected Dr. Mahmood's opinion and rejected in part Dr. Gaeta's opinion, no medical opinion fully supported the assigned RFC. *Id.*

An ALJ's RFC finding need "not perfectly correspond with any of the opinions of medical sources cited in his decision," so long as it is "consistent with the record as a whole," *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013), and supported by substantial evidence. *Rubin v. O'Malley*, 116 F.4th 145, 155 (2d Cir. 2024).

The ALJ permissibly discredited Dr. Mahmood's opinion under this standard, as explained above. *See* Section III.A, above. As to Dr. Gaeta, the ALJ found "unpersuasive" his opinion that Grant could perform the lifting required by *medium* work, but credited his opinion in other respects — including

that Grant could balance and kneel. Tr. 1791.

Substantial evidence supports both determinations. *Cichocki*, 729 F.3d at 176. The ALJ concluded that Dr. Gaeta's lifting assessment "does not adequately account for . . . [her] left shoulder pain and reduced range of motion." Tr. 1791. In making that determination, the ALJ cited Dr. Kloepping's finding that Grant's left shoulder tendinopathy limited her ability to lift to some extent — notwithstanding that her full upper-extremity strength allowed her to lift at the light-work level. *Id.* The ALJ also permissibly credited Dr. Gaeta's assessment that Grant could frequently balance and kneel. *Id.* In arriving at that determination, he cited medical evidence that Grant had full strength in all her muscle groups; had full stability in her joints; and could move around without impairment. *Id.*; *see* Tr. 117-18. Those findings provide substantial evidence that Grant could balance and kneel at the level light work requires. *See, e.g.*, *Brown v. Colvin*, 73 F. Supp. 3d 193, 199 (S.D.N.Y. 2014).

## IV. Conclusion

For the foregoing reasons, Grant's motion for judgment on the pleadings is denied, and the Commissioner's motion is granted. Grant's complaint is dismissed with prejudice. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: September 20, 2026
Brooklyn, New York